We'll move to the next case, 22-121, Hall v. Secretary, Florida Department of Children and Family Services We have Mr. Bixby here for the appellant, who I see has taken this case on a CJA appointment. We certainly appreciate your service to the Court. And Mr. Duffy here for the appellees. Mr. Bixby, whenever you're ready. Thank you, and may it please the Court. My name is Patrick Bixby, and with my colleague, Seth Lloyd, we represent the petitioner appellant, Wendall Hall, in this case. In my brief time, I'd like to discuss the two issues that the Court ordered a briefing on when appointing me as counsel, the District Court's error below and the cognizability of Mr. Hall's claim. First, the record makes clear that the District Court erred when it adopted the magistrate's recommendation that Mr. Hall's Ground 3 claim be dismissed based on a pending State appeal when, in fact, that appeal was no longer pending in the State and his claim had been exhausted. Can I ask you maybe to skip to Issue 2? I'm speaking only for myself. I think I think you're right about Issue 1, and I'm curious about Issue 2. How is it that this is cognizable in habeas given what, you know, the Supreme Court has said, that the test that I learned and that I still think basically prevails is that the challenge to be cognizable in habeas has to necessarily imply the invalidity of the conviction, sentence, penalty, whatever? How does this do that? That's right. The Supreme Court has held that a challenge to a proceeding in habeas is cognizable if it necessarily challenges the validity of the fact or length of an individual's detention, and Mr. Hall's claim does exactly that. The Supreme Court has held that in analogous civil commitment statutory regimes, States are only permitted to continue detention upon a showing of a continued danger to society on behalf of the individual. Well, let me ask you this. So you asked for the expert at what I think I'm calling the limited hearing, right? Sure. And so the relief is you get the expert. How does that necessarily, logically necessarily imply the invalidity of the continued detention? You might win the limited hearing, you might not. If you win the limited hearing, you've got to go on to Step 2. You might win that or you might not. This sort of seems like a Wilkinson v. Dotson kind of case in which it's further process but no necessary relief. You've made a few points that I'd like to respond to. The first being sort of the fact that the limited hearing may not immediately result in Mr. Hall's release has been addressed in Wilkinson. In Wilkinson, the Supreme Court discussed the fact that success at a sentencing hearing may not necessarily result in the petitioner's immediate relief. However, the court held that that was still cognizable in habeas because they held that the petitioner was still seeking relief in the only pertinent sense and that they were seeking to invalidate the judicial proceeding that determined the validity of their detention. And that is exactly what Mr. Hall does here. The states are required to hold these annual review hearings to determine if the continued detention is valid. So the limited hearing, because Mr. Hall was unable to show that he had probable cause, that he was no longer a threat to society and should be released, that hearing upheld the validity of the continued detention for another year. Well, that could have been erroneous. I mean, again, I think to Judge Newsom's point, then he gets the expert, but he could still lose, so it doesn't mean that he gets out or released any sooner. It just means perhaps that there's more confidence and that he had a meaningful opportunity to be heard. This case addressed a similar claim in McWilliams where a petitioner alleged that the denial of a mental health expert, this time at sentencing, allowed them habeas relief. And this court held that because the petitioner was unable to put on a showing that they satisfied whatever the mental sort of health issue in that case was, that this was a structural error and that prejudice should be presumed in that case. And such is the case in Mr. Hall's limited hearing. He was unable to put on any defense or any showing whatsoever that he was ready for release into society, that he no longer posed a continuing danger. And because he was not able to put on any showing at all on that point, he alleges that his due process was violated, that the entire hearing was basically invalid as this hearing, as he was not able to show sort of the guts of what this hearing was getting at, that he was no longer in nature to society. Why wouldn't a Section 1983 vehicle get you there, too? I guess I'm trying to understand, as I'm also wrapping my mind around this area, is it an either or habeas or Section 1983? Or did he have options, whereas others don't, because they can only proceed under habeas or only under Section 1983? So the distinction between habeas and 1983 is mutually exclusive, as this court has held in Hutcherson. And I believe that Mr. Hall's claim is proper in habeas and went to have been proper in 1983 for two reasons. One is because, as I've said, the proceeding that he is challenging is the proceeding that determines the validity of his continued detention. If you think about sort of the distinction between 1983, where collateral proceedings, challenges to those proceedings reside, versus actual hearings that determine the validity of a detention, the annual review hearing is on the habeas side of this because, similar to a normal criminal case where the determination of validity, there's sort of the chain of events. There's a conviction and the sentence. And these hearings determine the validity of the detention. In the civil commitment context, it's the initial commitment and the annual review hearings that determine the validity of the commitment. So I guess, and I think Judge Abuto and I are asking some version of the same question, it might be the hearing or the process that determines the validity of the continued detention, but the claim you're making is give me an expert, right? And if you get the relief you're seeking, you are not necessarily out of confinement, right? You just get, like, another hearing with an expert. Mr. Hall is seeking relief in his habeas petition. He is alleging that there was a constitutional violation at the hearing that determined the validity of his custody. He is entitled to seek relief through habeas on this point, and the Court may, in its discretion, order release and say the State has the option to appoint an expert and do a proper hearing and things like that. But the traditional relief that he is seeking in habeas is release. I may be the only one, but to me it's not entirely different from cases where, say, we hear there was not enough mitigation evidence at the penalty phase of, say, a death case. And I don't think that we have to decide that the mitigation evidence definitely would have resulted in a different result. It's just that you should have had it, you know, on and on. Why is this similar to a decision like that, right? I would go back to the McWilliams case, which is about a mental health expert being appointed in McWilliams, it was a sentencing, because the Court held that the denial of the appointment of this expert totally prevented the petitioner from putting on any evidence or any showing to overcome their burden. And in Mr. Hall's case, he was totally denied any opportunity to show that he wasn't a threat to society. So it is very analogous to the McWilliams case, which this Court held that it was cognizable in habeas and ordered relief, but gave the State the option to put on another proceeding, as we would ask of the case that the Court does here. So you're asking us to draw a distinction between the type of proceeding here and the proceedings in, say, Valley, right? Yes. The proceeding is what makes the difference. The nature of the proceeding is what makes the difference in habeas versus Section 1983. That's right, yes. This is towards the cognizability point, but the State alleges that Mr. Hall's claim isn't cognizable because they say that this was a collateral proceeding. And the point of our argument is that this is not a collateral proceeding for several reasons. One, as I talked about, it is the hearing that is constitutionally and statutorily determining the validity of the continued detention. But also, parole and clemency are discretionary grants by the State. When you win a parole hearing, it doesn't come out that the State was invalid in detaining you for as long as they did or anything like that. When you win an annual review proceeding, the result is that the detention is now invalid, impermissible, and you must be released. So the two major differences are that parole and clemency are discretionary, and they do not invalidate the detention. The annual review hearing is mandatory and does invalidate the detention. And on the point of the limited proceeding being a sort of preliminary, the State contends that because the probable cause hearing is preliminary that it is necessarily a collateral hearing. But we're not aware of any authority for that proposition, and nor do I believe does the State cite it. Does the State cite any? But so, frankly, I didn't really understand the State's taxonomy, collateral. I didn't really sort of understand what that was intended to accomplish. But does that distinguish it from Judge Grant's hypo about the sentencing proceeding, which is sort of like the main event? Here the limited hearing is not the main event. It's sort of the preliminary. It's the undercard. It doesn't necessarily make sense to break up the annual review hearings like this. This is what the State has chosen to do. But each hearing is independent, and each hearing provides an independent ground that can uphold the validity of the State's detention. So here Mr. Hall's failure to show probable cause, even though this wasn't the main event to characterize it that way, it's still the result of that hearing was the State was found to have their detention be valid for another year. It didn't need to go to trial or anything like that. That judicial proceeding was the single proceeding that upheld the validity of Mr. Hall's continued detention. I see. So you're saying that if your client wins at the limited hearing, there is no further proceeding. No, there is. There would be a bench trial then. That would be the second step of the annual review hearing. Okay. Now, can you clarify for the record, he's had subsequent hearings, right, or no? It's my understanding he's had one subsequent hearing in the intervening period. I'm not sure why there hadn't been more. Okay. And this one was actually his first one that he's had since then was yesterday. So this isn't really in the record on appeal or anything. Okay. But if his detention continues, then what does that mean for this current matter? Is it mood or what are we doing? As long as he is still in detention, I do not think that this matter is mood. Well, but if he had a subsequent hearing, and let's say the government presented his history as well as any infractions. I mean, there's in the record some disciplinary reports as to exposure, and I know he debates that stuff. But if there's a separate, valid, independent reasoning for the subsequent denials of his request for relief, then doesn't it mean that even if we agree with you here, those subsequent proceedings stand on their own and could justify his ongoing detention or no? There is not in the record that there has been a separate hearing that has upheld the validity of his detention. The only proceeding right now that upholds the validity of his detention is the probable cause hearing that we are challenging here today. Well, can you tell us a little bit about, before you sit down, your argument on forfeiture? Obviously, this habeas versus 1983 discussion is brand new. Why do you think the government forfeited that argument? Just because the government didn't raise any of these alternative arguments that they now raise in their brief below. They had the opportunity to do so when Mr. Hall put the court and the state on notice of the fact that his state proceedings had been complete and his claim had been exhausted. And the state neglected the opportunity to raise these affirmative arguments. They thought they had a slam dunk case that the state proceeding was going on, so it wasn't exhausted. And the fact that when the final order came in, that was not the case anymore. The state was on notice of that, and the state had ample opportunity to raise these alternative arguments to do anything to sort of protect their rights regarding these arguments, and they failed to do so. And might some of these issues that we've been wondering about be better fleshed out? I mean, Judge Abudu's point is well taken about the subsequent proceedings and what impact they would have. But since we don't have a district court record on this, we don't have any facts about those proceedings, we don't know whether this sort of expert was offered in those proceedings, I mean, on and on and on. Isn't that one reason that we wouldn't allow the state to bring up these new grounds later because we're lacking some important bases on which we could make a decision? Absolutely. That is the reason that this circuit has upheld these forfeitures of arguments in cases such as Excess now because this is a court of judicial review. The role of this court is to review for judicial error below. In this case, there was judicial error below. And all these alternative arguments are fact-bound. There are different issues with the record, and it would be best to remand this to the district court for proper proceedings to correct the erroneous dismissal of Mr. Hull's Ground 3 claim. Okay. Very well. Thank you so much. Thank you. You've reserved three minutes for rebuttal, which you'll have. That's right. Mr. Duffy. Thank you, Your Honor. May it please the Court. On behalf of the Secretary of the Department of Children and Family Services and Attorney General Ashley Moody, I'm Thomas Duffy from the Tallahassee Criminal Appeals Bureau. I want to clarify one thing. I don't think the characterization of this as being the validity of his detention. His detention was valid as of the jury's verdict and the judge's judgment after his jury trial that found that he met the criteria for civil commitment. Well, the review process, though, gives him an opportunity to determine whether it remains valid, right? Yes, and this is less like a criminal case than it is like any mental health case. It's more like a Marchman Act case or, as we have in Florida, the Baker Act, which is involuntary commitment of persons who are a threat to themselves or to other people. So with that in mind, this happens annually, and this gets into another point that you brought up. He would have had, by this point, at least four annual reviews. Is that an assumption or is that anywhere in the record? Say again now. Is that an assumption or is that somewhere in the record? It's the law that he has to have. Okay, right, but he's already saying Florida has violated the law. So the question is, is it in the record factually that he's had these subsequent hearings? I've provided two treatment and progress reports. Whether he has a hearing or not is up to him. He petitions to the committing court to challenge the ruling or the decision by the staff at the Florida Civil Commitment Center that he continues to not make enough progress to be safe to be released into society. But you haven't argued that this case is moot. Yeah, and it really brings up a real problem with the entire procedure of the annual review. By the time this case went to appeal, he'd already had another one. So what the effect of a ruling like that would be, let's say this court were to reverse and say he has to have an expert appointed for the probable cause hearing. Let's say that happened. What's that expert going to do? What is that expert going to find that in 19, or I'm sorry, in 2020, he was safe to be released even though there have been subsequent findings that he's not? But do we know if those findings were made with the benefit of an expert? I don't think we do know that, right? I'm sorry? Do we know if those subsequent findings, to the extent they exist, which I guess we assume, if those findings were made with the benefit of an expert? They were made by the mental health professionals who evaluated him every year. Right, but did we have, did he have the type of expert that he's seeking in this proceeding, in those subsequent proceedings? He, I don't know whether he has or not. Bear in mind that Wouldn't that be important for us to know to decide whether those, because presumably the reason he wants an expert is because he thinks it will make a difference. So isn't it important for us to know whether he had that expert in the subsequent proceedings before we rely on them as dispositive? I don't know that there were subsequent proceedings. I don't know how they'd be relevant to this issue. This issue is whether he did not get an expert appointed, which would be at the judge's discretion to appoint an expert at the probable cause hearing. Now, he did have ways of showing, and they, this is standard. This is what happens standardly. And it happens very frequently that they proceed to the next step, which is the, a bench trial with an expert appointed, and then you have the dueling experts. If this Court were to hold that it was a violation of due process to, not to have the expert appointed to him at the preliminary probable cause hearing, then that would make the statute that makes that discretionary, make it invalid. And then every time there would have to be an expert appointed with the costs of that, it would further, further stretch the proceedings out. The problem is that that wasn't the argument that anyone has relied on. Instead, it was this exhaustion issue. Well, that's correct. But, I mean, it gets into that. And we think if you, for the exhaustion issue, and I want to address the forfeiture argument. As we've noted in our brief, and I'll rely on the brief, but Helvering and something from 1936 or 37 and PDVSA, U.S. Litigation Services, both of those cases show that a judge can be right for the wrong reason. And it's on me that we didn't make that argument. It wasn't because, as my friend said, we had a slam dunk. I just forgot. It's in my boilerplate. I was in a hurry. Somehow or other, I deleted it. I have that argument that it has to be raised as expressly Federal. And if you're looking for a simple way to decide this case, that's it. You don't need to get into the third or the second issue. Which I agree, these are collateral. Judge Newsom, I agree they are collateral. So let me ask you, this may be the dumbest question of all time, but so we have, you know, law in this circuit that when we issue a Certificate of Appealability, our review is strictly limited to the issues specified in the Certificate of Appealability. Correct. Does that rule apply to the appellee, the State as an appellee? I don't think so. And the reason I ask that is that in addition to saying that we strictly limit review to the issues specified in the COA, we then have like corollaries to that that say, well, things that are sort of like preliminary procedural issues that, you know, sort of precede the merits issue, we'll have those. And maybe cognizability is one of those. But I wonder about your harmless error stuff. That seems sort of like logically subsequent to the issues specified in the COA. Okay. Another mistake, and there were many, and I apologize for the very shoddy work that I did in our first brief. There were words left out, misspellings, and that, again, on me. I phrased this as harmless error, but that's wrong. It's not a harmless error argument. It's a judge was right for the wrong reason argument. I think the problem that I'm having with that is that we're having a lot of discussions about the nature of the proceeding and the how, you know, how it works usually, what's happened since then, et cetera, et cetera. And those, I think, are issues that if this had been raised would have been litigated below and would have given us the facts that we need, I think, to fully decide this issue. I'm not sure they would have been litigated below, to be honest with you, because some of them are procedural things. I mean, it's absolutely true that there was no Federal claim raised in this case. There's no litigation to be made for that. He raised no Federal claim. And under this Court's strong precedent, that's, you know, it can't proceed on that ground. As I said, if you want to affirm, that's your simplest ground right there. If you want to get into, and I think it would be worth getting into, the argument from the supplemental briefing about whether this was a collateral proceeding, I think it is. I think it's more akin to parole than it is to some other, something else. Parole, if you get a parole hearing, yeah, that's discretionary. But it's discretionary whether you get an expert at the probable cause. Let me ask you this. What's your best response to Judge Grant's hypothetical, which, frankly, I just hadn't thought about? I was sort of beating the other side up about, look, you know, the Heck v. Humphrey line of cases says that in order to be cognizable in habeas, you've got to show that your relief would necessarily imply the invalidity of the continuing detention. And I don't think you've got that here. And Judge Grant says, I think perceptively, how is that really any different from a sentencing proceeding where we say, hey, you didn't, you know, put on enough mitigating evidence and the counsel was ineffective, and therefore? The difference is that these are, A, civil proceedings in the first place in the State court. But more than that, it's not the same situation that you have. In other words, if you're not going to be found not guilty. The habeas statute just says that if you're in custody in violation of the Constitution, you've got a cause of action effectively, right? Yes. So it doesn't matter if it's criminal or civil. If you're in custody. No. I was getting to another point. Okay. That this, if he were to win, were to have gone to a bench trial and won, that would not have invalidated the judgment. Whereas if you win a new trial or they strike the sentence through a habeas petition, that invalidates the initial judgment. The initial judgment in this case will always stand. It's been litigated. But it would invalidate his continued detention. But that is something that doesn't fit the criminal thing because, well, in a way it does, but it doesn't fit it for a post-conviction relief thing. It would possibly for parole. And that's why the case is lost in those cases. In Bumadim and Hamdi, I think, in some of the, you know, overseas terrorist detention cases at Guantanamo Bay, I don't know that when the Supreme Court first considered those, there was no district court judgment confining the person or state court judgment. I think that was part of the point, right? I don't think that's a condition precedent to any exercise of the writ of habeas corpus. I don't understand. I'm having a hard time hearing. I didn't understand your question. So you're saying that a judgment needs to be invalidated in order for habeas to be appropriate. But what I'm saying is in some of the indefinite detention cases, Hamdi, Bumadim, there was no judgment and that was the point. I'm not saying that. I mean, I'm saying through the analogy to a criminal case, that's what happens. This would not, this judgment will never be, the initial judgment will never be invalidated. Never. Judge Grant's question is his continued confinement might be rendered invalid. He might say this. You know, he might plead, maybe he did for all I know, hey, I didn't get an expert, and when you don't get an expert, your continuing detention is invalid. Forget about the judgment. Judge Grant's right. I mean, frankly, real habeas corpus doesn't have anything to do with court judgments. It has to do with executive detention by fiat. But 2254 does. Correct. Well, but 2241 likewise provides you with a cause of action if you're in custody in violation of the Constitution. This was brought under 2254, not 2241, if I'm not mistaken. What he sought at the end of the petition was release or a new trial. That's what he sought, neither of which involves directly the probable cause hearing. It's two steps removed from being released. He'd have to show probable cause, which he could do by going through the treatment and progress report and showing, oh, look, I did this, I did these other things. He's not without arguments, and they make these arguments regularly and get bench trials because they have shown some progress. This was his first. He was still acting out sexually. I'm returning to the—this reminds me, though, of the point that I think I've been returning to, which is you've got points on that, right? He's got points in opposition. And how are we supposed to decide between those without a district court record? You have a district court record here of the fact that— Not on these questions. No, but I don't think you need to get to these questions because he had not exhausted his ground three claim because he did not raise it as a federal claim in state court. I'll confess that I'm pretty skeptical of that one because he did raise due process and cited federal due process claims. How is that not raising a federal claim? I would refer you to the cases that we cited in our brief, which Johnson, French, Lucas, McNair, Kelly, this goes back to 2004, that this isn't even a scattered needle in the state court record of a—all he said was the Sixth Amendment. That's all he said. Well, he was pro se. He was, during the proceedings you're talking about, he was pro se, correct? I just want to clarify that. Yes. Which is, of course, is entitled to some liberal construction. But I get your point. Right. But there's recently, and I will wrap up with this, a panel of this Court in an unpublished decision did an excellent and thorough job of relating this exact point. And the case is Pringle v. Secretary. I don't have the case number in front of me, but Pringle's a very distinctive name. You can look it up. It came out this year. And with that said, we ask that you affirm the lower court. Thank you very much.  Very well. Thank you, Mr. Duffy. Mr. Bixby, you've got three minutes remaining. Thank you, and may it please the Court. I'd like to address a few of the points that my friend raised in his arguments. Can I ask you one housekeeping question? Is this a 2254 or a 2241? Does it matter? I think it is a 2254. I don't think it matters, though, because he is challenging a judicial proceeding that has led to the validity of his continued detention. But I guess, so 2254, I'm kind of spitballing here, but doesn't it say something about, like, those in custody pursuant to the judgment of a state court? I would be spitballing as well. This wasn't really an issue in the order appointing me or in the gift of gillibility. It's not a quiz. I'm just trying to figure out where we are. I would say this was a judgment by a state court that upheld the validity of his detention, and I think my friend said that this does not somehow bear on the validity of his detention, and that's exactly wrong. It does. As the Supreme Court has held in Foucha, the continued detention of these individuals absent a continuing danger to society is invalid. It is impermissible. To comply with this, states provide these annual review hearings, and in Kansas v. Hendricks, another Supreme Court case, the Supreme Court characterized these annual review hearings as these judicial proceedings pursuant to which these individuals are detained. So this is truly, I think, all the case law will bear out, that these annual review hearings are what is determining the validity of an individual's detention. And stupid question, but Foucha and Hendricks, are those habeas cases or Section 1983 cases? Those are habeas cases, I believe.  I'd also like to talk about the forfeiture point again. The State provides no reason why forfeiture should be overlooked. When the State fails to raise arguments below, it is not the duty of this Court to hear these arguments, even if it was a mistake that they were accidentally left out of a brief or anything like that. The State, or the standard for overlooking forfeiture is if there are extraordinary circumstances, which there are not here, I think the judges would be, that these issues are better addressed at the district court level where a record can be built out and these claims can be litigated and addressed. But to the extent that there was some discussion about the federal claim issue that the State raises, I would say that the petitioner, Mr. Hall, absolutely raised a federal claim in his State briefing. He discussed the U.S. Constitution. He cited two cases deciding federal due process claims on federal grounds. And that's what the standard is from the Supreme Court. A reasonable reader must be on notice of the legal or factual basis for a federal claim. And Baldwin and other Supreme Court cases held that a petitioner puts the court on notice when they cite cases that decide federal claims on federal grounds in conjunction with their claim. That's exactly what Mr. Hall did. As we discussed in our briefing, his case and briefing can be very distinguished from the cases that the State cites. Let's say you're right on habeas in terms of that being the proper vehicle. What do we do with the district court's order that kind of maybe just summarily adopts the magistrate's order? We've got arguably exhaustion in the midst of that appeal. So the magistrate judge's position regarding failure to exhaust, I think, was correct at the time. But now you've got the district court getting an opportunity to review it when that subsequent appellate Florida court decision. What are you saying the district court's obligation was at that time? Should it have sent it back to the magistrate judge for reconsideration? Does the de novo review mean that the district court in the first instance could have judicially noticed? I guess I'm just trying to understand what then are we supposed to do? I think the district court could have done either of these things. They could have sent it back to the magistrate if they wanted the magistrate to rewrite this portion of the recommendation or the district court could have taken it upon themselves. The point of it is that the claim was not actually exhausted. The exhaustion of the claim doesn't matter until the final order is issued, and by the time the final order was issued, the claim was exhausted. So I would ask that the district court's order be vacated and that this case be remanded because of this erroneous dismissal. And I would also, I know I'm over time, I'd just like to correct one misstatement I made. Mr. Hall's habeas petition was brought under 2241. Interesting. Okay, thank you very much. Thank you.